UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO CASTILLO, JR., | : | CIVIL NO: 3:13-CV-01856 |
| Petitioner | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JEROME WALSH, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The petitioner, Alberto Castillo, Jr., a prisoner at the State Correctional Institution at Dallas, filed this 28 U.S.C. § 2254 petition on July 8, 2013. Because Castillo is challenging a conviction that he received in the Court of Common Pleas of Lehigh County, which is in the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania, we recommend that the case be transferred to the United States District Court for the Eastern District of Pennsylvania.

## II. Discussion.

The habeas corpus statute specifies where a state prisoner in a state with more than one Federal judicial district may file a habeas corpus petition:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). In accordance with the statute, a 28 U.S.C. § 2254 petition may be brought in the federal judicial district in which the state court of the conviction is located, and when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to another district court in the same state when to do so is in the interest of justice. 28 U.S.C. § 2241(d).

Castillo is a prisoner at the State Correctional Institution at Dallas which is in this district. He was convicted, however, in Lehigh County, which is in the Eastern District of Pennsylvania.

It will be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. The United States District Courts for Pennsylvania's three federal judicial districts have customarily transferred these petitions to the district of conviction. This custom achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and it serves the interests of the litigants in those cases where hearings are required.

### III. <u>Recommendation.</u>

For the foregoing reasons, it is recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and

---

[1] Castillo filed a motion for the appointment of counsel. We leave that motion to be addressed by the United States District Court for the Eastern District of Pennsylvania.

all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own Determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of July, 2013.

                                            **_S/Susan E. Schwab_**
                                            Susan E. Schwab
                                            United States Magistrate Judge